UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANSOOR MUNRUDDIN, | No.  2:21-cv-00672 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| ABBOTT LABORATORIES, and DOES 1 through 50, | |
| Defendants. | |

This case is before the court on two motions to compel brought by plaintiff.  ECF Nos. 48, 49.  The parties submitted the required joint statement, and a hearing was held on May 27, 2026.  ECF Nos. 51, 53.  For the reasons set forth below, the motions are GRANTED IN PART.

### I.   Relevant Background

Plaintiff Mansoor Munruddin was an employee of defendant Abbott Laboratories at its Fairfield location from October 2015 to January 2020.  ECF No. 1-1 at 5.  The complaint in this action, filed on February 19, 2021, asserts various wage and hour claims on behalf of several proposed subclasses.

The allegations focus on two practices by defendant.  The first is requiring employees to undergo security checks before clocking in or out, including for meal breaks.  ECF No. 1-1 at 8-9, 12.  The second is the use of shift differentials and shift premium wages as incentives for working specific weeks, without using the increased pay rate to calculate sick pay for that week.  ECF No.

1

1-1 at 7, 9.  Accordingly, the complaint asserts claims for failure to factor time spent undergoing security checks into payment of regular, minimum, and overtime wages (ECF No. 1-1 at 11-12); failure to provide the minimum meal break required for employees working more than five hours in a workday, insofar as the time spent undergoing security checks was improperly included in breaks (id. at 12); failure to pay all amounts owed to former employees within 72 hours of termination or resignation, insofar as outstanding wages should have included time spent undergoing security checks (id. at 13-14); failure to incorporate shift differentials or premiums into the regular rate of pay for purposes of calculating sick pay, instead using only the base pay (id. at 14-15); failure to provide accurate itemized wage statements based on the errors underlying the other claims (id. at 15-16); and violations of California's Unfair Competition Law, California Business and Professions Code § 17200 et seq., based on the same conduct (id. at 16-17)[1].  The proposed classes and subclasses, in broad terms, encompass all defendant employees affected by these violations within the statute of limitations of each respective claim.  Id. at 7.

## II.    Motions to Compel

Plaintiff's first motion seeks to compel further responses to five requests for production of documents ("RFP").  Of these, RFP Nos. 21-22 and 27-28 seek "DOCUMENTS PERTAINING TO COMMUNICATIONS" on or after August 25, 2016 regarding California employees having to clock out before undergoing security screenings and being allowed to leave their worksites for the day or for meal breaks, or to undergo screening before clocking in, and payment of wages for the time spent on such screenings.  ECF No. 48 at 4-5; ECF No. 48-1 at 7.  The fifth, RFP No. 38, seeks a copy of the paid time off ("PTO") policy that applied to California employees from August 25, 2017.  ECF No. 48 at 5.

Plaintiff's second motion seeks to compel further responses to five interrogatories ("Int.").  Int. Nos. 2, 4, 6, and 8 ask for the names, last known addresses, phone numbers, and email addresses of all class and subclass members.  ECF No. 49 at 8.  The fifth, Int. No. 10 seeks the formula defendant used from August 25, 2017 thereafter to calculate an employees' "regular rate

---

[1]  A sixth claim purports to bring an action on the State of California's behalf under California Labor Code § 2698 et seq., based on the same conduct.  ECF No. 1-1 at 17-18.

2

of pay" when determining sick pay.  Id.

A.  Applicable Legal Standards

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1).  The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26.  Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1).  If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections.  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).  General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim.  Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005).

////

3

B.  Discovery Must Precede Decisions on Class Certification

Four of the five RFPs at issue presume the existence of the classes and subclasses outlined in the complaint, whereas four of the five interrogatories seek to identify the employees in those classes.  Defendant does not dispute that such information is discoverable as to the Fairfield office, where the would-be representative plaintiff worked.  ECF No. 51 at 23-24, 26.  Accordingly, responses as to the Fairfield office should have been produced promptly and objection made only as to California-wide responses.  The court cannot condone defendant's conditioning of required disclosures on plaintiff's agreement not to seek information about employees beyond the Fairfield office.  See ECF No. 51 at 26; ECF No. 51-3 at 6.  Holding discoverable information hostage may subject a party to sanctions in the future.

The primary issue is whether defendant must now produce information regarding other worksites and employees in California without a prior evidentiary showing that the alleged employment practices also exists in those worksites.  The parties have demonstrated that authority on this point is split.  Compare ECF No. 51 at 14-16 (citing, e.g., Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009); Robinson v. Chefs' Warehouse, No. 3:15-cv-05421-RS (KAW), 2017 WL 836943, *2, 2017 U.S. Dist. LEXIS 30701 at *4 (N.D. Cal. 2017)) with ECF No. 51 at 23-25 (citing Nguyen v. Baxter Healthcare Corp., 275 F.R.D. 503, 508 (C.D. Cal. 2011); Tracy v. Dean Witter Reynolds, Inc., 185 F.R.D. 303, 305 (D. Col.1998)).  Defendant further notes that plaintiff admitted to not undergoing the screening checks at issue in this action when he visited other worksites.  ECF No. 51-4 at 6-8.  At the same time, the court agrees with plaintiff that requiring him to support allegations of statewide misconduct before enabling the discovery needed to support it "puts the cart before the horse[.]"  ECF No. 51 at 17.

In light of the privacy issues and burden of production for each discovery request at issue, the court finds it appropriate to grant discovery as to information that might support class certification.  Aldapa v. Fowler Packing Company Inc., 310 F.R.D. 583, 589 (E.D. Cal. 2015), supports this approach.  The court in that case did impose on plaintiffs bear the burden of showing that the requested pre-certification discovery was "likely to produce substantiation of the class allegations."  Aldapa, 310 F.R.D. at 589.  It did not, however, completely preclude

discovery beyond "employees who worked at the same locations as…[or] under the same supervisors as the named Plaintiffs." Id.  It also compelled defendant to provide a sampling of discovery responses for about 25% of all remaining putative class members, with plaintiffs only authorized to request broader discovery if this sampling revealed evidence of company-wide violations.  Id.

Here the motion to compel is granted in full as to the RFPs and Interrogatory No. 10.  The court rejects defendant's argument that its general denial that the subject policies exist precludes the existence of responsive documents or otherwise fulfills defendant's duty to respond.  See ECF No. 51 at 26-27.  The RFPs define the term "pertaining to" to include:

> referring to, relating to, concerning, reporting, regarding, embodying, establishing, evidencing, comprising, connected with, commencing on, responding to, showing, demonstrating, describing, setting forth, containing, analyzing, reflecting, presenting or being in any way factually connected with.

ECF No. 48-1 at 7.  This effectively includes any communications about clocking in and out of any shift, as well as any security protocols in place for entering or leaving worksites, whether or not they match the policy alleged in the complaint.  Similarly, to the extent that Defendant denies the use of shift differentials at worksites other than Fairfield, it can still answer Int. No. 10 based on how both base and sick pay are in fact calculated at each location.

At this time, the court will compel further responses to Interrogatory Nos. 2, 4, 6, and 8 only as to employees in the Fairfield facility.  However, the court rejects defendant's argument that Fairfield production should exclude information for any putative class members who signed a written release of all claims pertaining to their employment.  ECF No. 51 at 24.  Both of the cases defendant cites demonstrate that whether such waivers preclude the current claims goes to the question whether a motion for class certification should be granted.  Id. at 24-25 (citing Javine v. San Luis Ambulance Service, Inc., No. CV 13-07480 BRO (SSx), 2015 WL 12672090, at *8, 2015 U.S. Dist. LEXIS 199857 at *21 (C.D. Cal. Jan. 13, 2015); Wetzel v. CertainTeed Corporation, No. C16-1160JLR, 2019 WL 3976204, at **13-14, 2019 U.S. Dist. LEXIS 171204, at *38 (W.D. Wash. Mar. 25, 2019)).  Providing plaintiff with such employee's information

during pre-certification discovery is what will allow him to determine if that waiver applies.

The ruling as to Interrogatory Nos. 2, 4, 6, and 8 is without prejudice to renewed propounding of these requests should plaintiff believe that discovery thus far—including that compelled by this order—justifies statewide class certification.  Should plaintiff do so, the renewed interrogatories will not count towards any limits the number of interrogatories set by the applicable rules or by the court.

Plaintiff indicated during the hearing that he plans to depose the person most knowledgeable ("PMK") about defendant's employment policies and practices.  The court expects this deposition to include questions about statewide practices, in order for plaintiff to ascertain whether it is appropriate to seek additional discovery and/or expand the class of affected employees beyond the Fairfield worksite.  Such questions would be consistent with the limited discovery into statewide workplace practices that has been authorized above.

C.  No Belaire-West Notice is Needed

Defendant argues that plaintiff has agreed that production of contact information under Int. Nos. 2, 4, 6, and 8 should be subject to an opt-out notice procedure akin to in Belaire-West Landscape, Inc. v. Superior Court.  ECF No. 51 at 26; 149 Cal. App. 4th 554, 562 (Cal. Ct. App. 2007).  While technically true, as plaintiff notes here, courts have often found that such notice is not necessary when a protective order addresses any privacy concerns.  ECF No. 51 at 18 (citing, e.g., Limon v. Circle K Stores, Inc., 2020 WL 1503448, at *7, 2020 U.S. Dist. LEXIS 56415 at **19-20 (E.D. Cal. 2020)); see also Holland-Hewitt v. Allstate Life Insurance Company, 343 F.R.D. 154, 177-78 (E.D. Cal. 2022) (refusing to require an opt-out notice when defendant has completely failed to acknowledge the protective order in place, let alone explain why it does not adequately address privacy concerns).  Here the court finds the existing protective order to be adequate to protect the privacy interests of employees.  Accordingly, no Belaire-West notice is needed before defendant produces the contact information of putative class members who worked at the Fairfield worksite.

////

////

### III.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1.    Plaintiff's motion to compel further responses to the Requests for Production of Documents (ECF No. 48) is GRANTED.

2.    Plaintiff's motion to compel further responses to the Interrogatories (ECF No. 49) is:

    a.    GRANTED as to Int. No. 10; and

    b.    GRANTED IN PART AND DENIED IN PART as to Int. Nos. 2, 4, 6, and 8.  Defendant shall answer as to putative class members who were employed at the Fairfield facility.  Defendant need not answer at this time as to employees at other California worksites; however, plaintiff may renew the interrogatories as to employees at other California worksites if a factual basis for such discovery is identified.  Such renewed interrogatories will not count against any applicable limit on the total number of interrogatories.

3.    Defendant shall produce responsive documents and information within 21 days of this order.

IT IS SO ORDERED.

DATED: June 12, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE